(No. 3776—

GEORGE IREY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

W. K. KIDWELL and JOHN W. FRIBLEY, for claimant.

GEORGE F. BARRETT, Attorney General and C. ARTHUR

NEBEL, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

This claim comes up for consideration under the second amended complaint filed in this Court on December 21, 1943.

The record discloses that this claimant was first employed by the respondent in the Division of Highways on April 20, 1942 as a common laborer at a wage of 55c per hour and continued in that classification and at that rate throughout the period of his employment. This claimant, and other similarly employed, worked for the Division less than 200 days a year. Eight hours constituted a normal working day.

On August 5, 1942 at 2 o'clock P. M., the claimant was one of the maintenance crew engaged in placing concrete patches on a state highway in the village of Arcola, Douglas County. He was assigned the duty of putting cement in the loading skip of a concrete mixer. The skip dropped from a raised position, and claimant alleges that cement dust was blown into his eyes by reason of its falling. He reported the accident to his immediate superior on the same day, but continued to work until

August 13. On August 14th, claimant went to Doctor Albert Tower Summers of Mattoon, Illinois, who treated claimant's left eye until October 15th. He was then sent by the respondent to Doctor E. E. Findley, Professor of Ophthalmology, University of Illinois, College of Medicine, Chicago, Illinois.

This claimant was paid compensation from August 14th to October 17th inclusive at a rate of $9.15 a week or a total of $84.96. Compensation was then terminated on the last mentioned date for the reason Doctor Findley had reported: "I feel that this condition in the left eye was not due to the injury but to some systemic condition which caused a violent inflamation."

The respondent paid the following accounts for services rendered to the claimant: Doctor Albert Tower Summers, Mattoon, $52.50; Doctor E. E. Findley, Chicago, $10.00; Y. M. C. A. Hotel, Chicago, 69c, and Illinois Central Railroad Company, $6.85, making a total of $70.04.

The Division of Highways filed a report on March 15, 1943 which shows that on August 18, 1942 Doctor Albert Tower Summers reported to the Division as follows:

"Nature of injury—cement dust in the eye as stated above. When first seen August 14, there was severe inflammation of the entire globe, hemorrhage has occurred in the anterior chamber. The vision of eye has been lost in my opinion. Light perception only."

The claimant thereafter continued to be treated by Doctor Summers who again on September 3, 1942 reported to the Division as follows:

"Nature of injury—hemorrhage into the anterior chamber. Very severe eye inflammation. Eye is clearing up slowly and looks very encouraging as of September 1, 1942."

And on October 15, 1942 Doctor Summers again reported to the Division as follows:

"Eye examination and treatment August 13, 1942. Entire globe of eye very much inflamed. Blood in the anterior chamber. Pupil contracted. Lens very cloudy. Could not see fundus. Eye ball very sensitive to pressure and to light. All as a result of cement dust in the eye some days before."

On October 16, 1942 Doctor Findley sent the following report to the Division:

"Mr. George Irey gives a history of an injury to the right eye in 1925. Pupil is small and completely bound down to the capsule of the lens. No light perception. Evidently the sight was destroyed by severe inflammation of iris and ciliary body.

No treatment would improve condition.

History of cement dust in the left eye on August 5, 1942, and examination shows the remains of a serious inflammation of the same tissues as in the right eye.

Vision: 110/200. The pupil is rigid and numerous deposits of iris pigment are found on the lens capsule. The details of the fundus are blurred by the cloudiness of the lens. I feel that this condition in the left eye was not due to injury but to some systemic condition which caused the violent inflammation. I would suggest a thorough systemic examination in his case."

Evidence was taken in Mattoon on September 27, 1945 and filed in this Court on November 13, 1945. Claimant testified that in November 1925 he was employed by the United States Engineers on Lock and Dam project No. 53 on the Ohio River near Cairo, Illinois and while working as a laborer unloading coal, a piece of coal struck his right eye; that he returned to his home at Mattoon where he was treated for this injury by Doctor C. B. Voight, an eye specialist; that the United States Government paid to him medical, hospital and surgical services and compensation, the exact amount of which he did not know but that payment for partial loss of use of the right eye was paid to him in approximately the sum of $600.00; that in November 1941, while he was at work for the VanCamp Stokeley Company of Indianapolis, Indiana, manufacturers of canned food, vinegar brine was

splashed in his right eye, and that the Liberty Mutual Insurance Company, the workmen's compensation insurer of his employer under the Indiana Compensation Act, paid the sum of $561.00 to him plus the necessary first aid and medical services. Claimant further testified that the accidents to his right eye in November, 1925, and November, 1941 resulted in the total and complete loss of vision in his right eye, and that by reason of the accident to his left eye on August 5, 1942 while employed by the respondent, he has suffered total industrial blindness and is now permanently incapable of working.

He therefore seeks an award for complete and total disability under Section 8 Paragraph (f) of the Workmen's Compensation Act.

Claimant called Doctor Florentine Barker Jones, an eye, ear, nose and throat specialist who testified he first examined the claimant on January 14, 1943 and again on June 8, 1945; he found his left eye heavily scarred on the corner, fixed cloudy pupil, adhesions of iris, and no practical vision and no accommodation of the pupil. He testified he also examined the right eye and found claimant had no practical vision in that eye and that he was suffering from industrial blindness. He also testified that the loss of visual acuity was not due to any systemic condition.

On cross examination he testified that an operation on the left eye would not restore the vision unless the fundus was normal. This he could not ascertain because it was impossible to get back through the rays of the eye on account of the fixed pupil. He further testified that an operation was attempted on the right eye in 1944 by key-hole optical iridectomy which was unsuccessful excepting possibly a little more light perception and projection were obtained.

Upon consideration of this record we find; that on the 5th day of August 1942, the said George Irey and the respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date he sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent, and claim for compensation on account thereof was made within the time required by the provisions of Section 24 of said Act; that the annual earnings of the claimant during the year next preceding the accident was $880.00, and his average weekly wage was $16.92.

That claimant, having lost the complete vision of his left eye, is entitled to have and receive from said respondent the sum of $9.31 per week for a period of 120 weeks, as provided in Section 8, Paragraph (e-16) of the Workmen's Compensation Act, as amended, amounting to the sum of $1,117.20.

That respondent in addition thereto shall pay into the Special Fund, provided for in Paragraph (e), Section 7 of said Act, the sum of $100.00 as provided for in Sub-Paragraph 20, Paragraph (e) of Section 8 of said Act, as amended.

The Court further finds that said claimant previously suffered a complete and permanent loss of vision in his right eye in an accident which occurred in November of 1941 while employed by the Van Camp Stokeley Company, and by reason of the provisions contained in Sub-Paragraph 18, Paragraph (e) of Section 8 of said Act is now permanently disabled by reason of being industrially blind, and is entitled to compensation as provided in Paragraph (f) of Section 8 of said Act, and also pension for life after said payments are fully made;

Therefore, said claimant is entitled to have and to

receive from the Special Fund as aforesaid the sum of $9.31 per week for a period of 295 weeks, and one final payment of $8.35, which said payments shall begin after said respondent has paid to said claimant the total sum of $1,117.20, that being the amount of money claimant is entitled to receive from said respondent. Claimant is further entitled to receive from the Special Fund a pension during life annually in the sum of $464.64, payable in twelve equal monthly installments of $38.72, as provided in Paragraph (f) of Section 8 of said Act as amended, for the reason that the disablement sustained resulted in said claimant becoming totally and completely incapacitated for work.

The Court finds that the above sum of $1,117.20 awarded to claimant for the loss of his left eye has accrued and is payable forthwith from the Road Fund. The Court further finds that of the sum of $2,754.80 to be paid to claimant out of the Special Fund as aforesaid that the amount of $1,042.72 has accrued to January 16, 1947, and is payable forthwith in a lump sum.

Awards are entered accordingly.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."